UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CRIMINAL CASE NO. 04-39-DLB**

**UNITED STATES OF AMERICA**                                                         **PLAINTIFF**

**v.**                     **REPORT AND RECOMMENDATION**

**ROBERT WISDOM**                                                                       **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

On November 10, 2015, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Report that Defendant Robert Wisdom had violated conditions of his supervised release. Defendant was present in Court and represented by Edward L. Metzger, III; the Government was represented by Assistant United States Attorney Robert McBride. The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_2-04-cr-39-DLB-CJS-20151110-134937; the official record of this proceeding was certified by Kati Bramble, Deputy Clerk.

Upon call of this matter at the Final Revocation Hearing on Supervised Release Violation, the parties informed the Court that they had reached an agreement on the pending violation. Specifically, Defendant agreed to plead guilty to the violation as set forth in the July 1, 2015, Violation Report, waive allocution and his right to appeal any sentence ultimately imposed by presiding District Judge Bunning to the extent that said sentence is consistent with the undersigned's Report and Recommendation and, in exchange, the Government agreed to recommend a sentence of 18 months of imprisonment with a 2-year term of supervised release to follow to include the same

conditions previously imposed. For the reasons that follow, the parties' agreement is an appropriate disposition of this matter, and therefore it will be **recommended** that Defendant's **supervised release be revoked** and that he be **sentenced to an 18-month term of imprisonment, with a 2-year term of supervised release** to follow, which supervision shall include all conditions previously imposed.

**I.      Procedural Background**

On June 24, 2004, Defendant pleaded guilty to two counts of distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), and one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), and he was sentenced on September 30, 2004. (R. 21; R. 31). On June 19, 2006, the presiding District Judge entered an Amended Judgment sentencing Defendant to a total term of imprisonment of 180 months with an 8-year term of supervised release to follow. On June 4, 2008, the presiding District Judge granted Defendant's Motion for Retroactive Application of the Sentencing Guideline Amendments and reduced his sentence to 145 months. (R. 56). On August 31, 2012, Defendant was once again given the benefit of recent Amendments to the Sentencing Guidelines, and his sentence was further reduced to 135 months. (R. 62).

On March 31, 2014, Defendant was released from prison to begin his term of supervision. (R. 71). Defendant stands before this Court charged with a violation of his supervised release conditions. The charged violation was presented to the Court via the Probation Officer's July 1, 2015, Violation Report. As discussed above, during the Final Revocation Hearing, counsel informed the Court that the parties had reached an agreement: Defendant was prepared to plead guilty to the violation, and the parties agreed on a recommended sentence of 18 months of incarceration with a 2-year term of supervision to follow.

2

The undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable guideline range. The undersigned further explained that while a recommendation of an appropriate sentence will be made to the presiding District Judge, it is ultimately the decision of the presiding District Judge as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to plead guilty to the violation set forth in the July 1, 2015, Violation Report of the United States Probation Officer. Specifically, Defendant admitted to the following violation of supervised release and the factual circumstances set forth below:

> **Violation #1**: The defendant shall not commit another federal, state or local crime (Grade B Violation).

On October 30, 2014, the Hamilton County, Ohio, grand jury issued an indictment charging Defendant with aggravated burglary, aggravated robbery, receiving stolen property, and two counts of having weapons while under disability. On March 15, 2015, Defendant pleaded guilty to having weapons while under disability and was sentenced to 12 months of imprisonment with 119 days credit for time served. Defendant admitted that his conviction of another crime constitutes a violation of a condition of his federal supervision.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the violation as charged, he has had ample opportunity to consult with counsel, and that he enters his guilty plea to the charge knowingly and voluntarily. Therefore, based on Defendant's plea of guilty to this violation, the undersigned finds and will recommend that the District Court find that Defendant has violated a condition of his supervised release as charged. Defendant has waived his right to allocution, and he waived his right to appeal a sentence ultimately imposed that is consistent

with the undersigned's Report and Recommendation. The only issue remaining is the appropriate sentence to impose for the admitted violation.

## II.     Sentencing

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). The sentencing court is to consider:

1. The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

3. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

5. The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009). In determining an appropriate sentence, the applicable policy statements in the Sentencing

Guidelines, *see* United States Sentencing Guideline (U.S.S.G.) Ch. 7, Pt. B, and certain factors set out in 18 U.S.C. § 3553(a), as set forth above, must be considered.

Classification of Defendant's underlying criminal offenses results in a maximum term of incarceration upon revocation of his supervised release of 5 years, the highest classification of his underlying offenses being a Class A felony. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of imprisonment of 18 to 24 months, based upon Defendant's criminal history category of V and his supervised release violation being a Grade B violation. In addition, Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed would be life. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(B).

As explained above, the parties have agreed to a recommended sentence of 18 months of incarceration with a 2-year term of supervised release to follow on the same conditions previously imposed. Upon consideration of the entire record, including the July 1, 2015, Violation Report, the sentencing materials from the underlying Judgment in this District, the § 3553 factors imported into the § 3583(e) analysis, and the applicable policy statements, the undersigned concludes that the parties' recommended sentence of 18 months of incarceration is appropriate. An 18-month term of incarceration is sufficient, but not greater than necessary, to comply with the sentencing factors the Court is to consider under § 3553.

The parties' agreed-upon recommendation of a 2-year term of supervision to follow is also appropriate. Probation Officer Huffman informed the Court that Defendant actively participated in the rehabilitation services offered him while on supervision. All parties agree that Defendant would

benefit from the continued services of the U.S. Probation Office to assist in his transition back into the community upon his release. The Court strongly emphasizes the importance of Defendant continuing to work cooperatively with his Probation Officer while on supervised release following his period of incarceration and encourages him to take advantage of the services and guidance offered. Further violations, after having served an 18-month term of imprisonment on this violation, will be a disappointment to the Court and looked upon unfavorably.

Lastly, Defendant has requested that the Court recommend that he be placed at the federal correctional facility located nearest his home in Cincinnati, Ohio. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but stated it would make the recommendation on his behalf.

### III. Conclusion and Recommendation

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of the violation, has had ample opportunity to consult with counsel, and enters his plea of guilty to the violation knowingly and voluntarily; and the undersigned having considered the pertinent § 3553(a) factors, the advisory Guidelines and policy statements, and the presentations of counsel; **IT IS RECOMMENDED** that:

1. Defendant **Robert Wisdom** be found to have **violated** terms of his supervised release as set forth in the July 1, 2015, Violation Report;

2. Defendant's supervised release be **revoked**;

3. Defendant be sentenced to the custody of the Attorney General for a term of imprisonment of **18 months,** with a **2-year term of supervised release to follow** on the same conditions imposed in the June 19, 2006, Amended Judgment (R. 51); and

4. The District Court recommend that the Bureau of Prisons place Defendant at the federal correctional facility nearest his home in Cincinnati, Ohio, for service of the sentence imposed.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Court Judge for consideration of the Report and Recommendation, as Defendant waived the period for filing objections hereto, and the United States waived the period for the filing of objections to the extent the District Judge intends to adopt the recommendations herein.  If the presiding District Judge is inclined to sentence Defendant in a manner that is inconsistent with the recommendations herein, the District Court should set the matter for a sentencing hearing and provide the parties an opportunity to submit argument.

Dated this 24th day of November, 2015.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

I:\DATA\S.R. violations R&R\04-39 Wisdom R&R final.wpd